IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROGER ARDEN ELSETH; PATRICIA ANN )
ELSETH; and ALLEN ELSETH by his )
guardian ad litem ROGER ARDEN )
ELSETH AND PATRICIA ANN ELSETH, )
)
        Plaintiffs, )   2:08-cv-2890-GEB-KJM
)
    v. )   <u>ORDER</u>[1]
)
VERNON SPEIRS, Chief Probation )
Officer of the County of )
Sacramento; DAVID GORDON, )
Superintendent Sacramento )
County Department of )
Education; SHERIFF of the )
County of Sacramento, )
Deputy Sheriff TAM; Deputy )
Sheriff ALLENGUIRY; and )
DR. SAXTON, M.D., )
)
        Defendants. )
_____)

       Defendant Dr. Richard Saxton ("Saxton") moves for a more definite statement of Plaintiff's third claim, arguing he cannot respond to this claim because it encompasses two separate claims: a claim alleging he was deliberately indifferent to Plaintiff Allen Elseth's ("Allen") medical needs because he failed to report abuse Allen suffered while he was detained at the Sacramento County Juvenile Hall, and a claim alleging Saxton "failed and refused to keep [Plaintiffs Roger Arden Elseth and Patricia Ann Elseth (collectively

---

[1] This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h). Unless otherwise indicated, all references to Rules are to the Federal Rules of Civil Procedure.

1

the "Elseths")] informed as to medications provided to their son[, Allen]." (First Amended Complaint ("FAC") ¶ 8.3). Saxton also moves for dismissal of the portion of Plaintiffs' third claim in which Plaintiffs allege Saxton was deliberately indifferent to Allen's medical needs, arguing insufficient facts are alleged to make this an actionable claim.

"The test in evaluating a motion [for a more definite statement] under Rule 12(e) is whether the complaint provides the defendant[s] with a sufficient basis to frame [their] responsive pleadings." Ham v. Cont'l Ins. Co., 2009 WL 513474 *2 (N.D. Cal. 2009). Saxton argues he cannot respond to Plaintiffs' third claim because this claim includes two separate claims which are based on separate transactions; and/or damages are sought for only one of the transactions. (FAC ¶¶ 8.4, 8.5, 8.6.) Saxton is correct in his argument that Plaintiffs' third claim is based on two separate transactions. Therefore, Saxton's motion for a more definite statement is granted. Plaintiffs are granted ten days leave from the date on which this Order is filed to file a Second Amended Complaint in which they comply with this order.

Since the Second Amended Complaint which Plaintiffs now have leave to file may address the basis of Saxton's dismissal motion, the dismissal motion is no longer ripe for decision, and is therefore denied.

Dated: April 9, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge

2