IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROGER ARDEN ELSETH, PATRICIA ANN ELSETH AND ALLEN ELSETH by his guardian ad litem ROGER ARDEN ELSETH AND PATRICIA ANN ELSETH,

    Plaintiffs,

v.

VERNON SPEIRS, Chief Probation Officer of the County of Sacramento; DAVID GORDON, Superintendent County Department of Education; Sheriff of the County of Sacramento, Deputy Sheriff Tam, Deputy Sheriff Allenguiry, Dr. Saxton, M.D., DOES J1 to J20 and Does E1 to E20, inclusive, and DOES M1 to M5,

    Defendants.

2:08-cv-02890-GEB-KJM

ORDER[*]

Defendant Dr. Richard Saxton ("Saxton") moves for dismissal of Plaintiff Allen Elseth's ("Allen") Eighth Amendment claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6), arguing dismissal is required because Allen fails to allege sufficient factual allegations to satisfy the deliberate indifference element of this claim. Allen only alleges that Saxton acted "with deliberate indifference or willful neglect, [which] contributed to an environment that denied him an education, appropriate medical care and

---

[*] This matter was determined to be suitable for decision without oral argument. E.D. Cal. R. 78-230(h).

1

rehabilitation services associated with his mental disabilities and therefore aggravated his condition by failing to report the abuse suffered by Allen to appropriate authorities." (Second Amended Complaint¶ 9.4.("SAC")) These allegations are insufficient to state a claim against Saxton. Therefore, this claim is dismissed.

Saxton also moves under Rule 12(e) for a more definite statement of Plaintiffs Roger Arden Elseth and Patricia Ann Elseths' (collectively the "Elseths") Fourteenth Amendment claim, arguing this claim is too vague and ambiguous for him to determine what he is alleged to have done that violates the law. The Elseths allege in this claim that Saxton acted "with deliberate administrative indifference or willful neglect [when he failed and refused] to keep the Elseths informed as to care, treatment, medical treatment and medications provided to their son [Allen]." (SAC ¶ 9.3.) Since this claim does not provide Saxton sufficient notice of how he has violated the Elseths Fourteenth Amendment rights, Saxton's motion for a more definite statement of this claim is granted.

Defendant David Gordon ("Gordon") moves for dismissal of Allen's two Eighth Amendment claims against him. Gordon first moves under Rule 12(b)(6) for dismissal of Allen's Eighth Amendment claim in which Allen alleges that Gordon acted "with deliberate administrative indifference or willful neglect that contributed to the failure of services to Allen by failing to take action that would put an end to the intolerable conditions of confinement or withdrawing from providing services altogether to force a change in the conditions at the juvenile center . . . [; and, in failing] to report to Child Protective Services, or other appropriate authorities, or to take administrative action at the Juvenile Centers in the face of

widespread abuse of adolescents, which contributed to the failure of services to Allen." (SAC ¶¶ 8.3-8.4.) These conclusory allegations are insufficient to state a claim against Gordon. Therefore, this claim is dismissed.

Second, Gordon seeks dismissal of Allen's Eighth Amendment claim in which Allen alleges Gordon acted "with deliberate indifference or willful neglect, [which] contributed to an environment that denied him an education, appropriate medical care and rehabilitation services associated with his mental disabilities and therefore aggravated his condition by failing to report the abuse suffered by Allen to appropriate authorities." (SAC ¶ 9.4.) Gordon erroneously argues this claim should be dismissed for lack of subject matter jurisdiction since Allen added this claim to his complaint even though an order of this court did not provide Allen with leave to add the claim. However, the referenced order does not unequivocally say Allen lacked authority to add this claim. Therefore this portion of Allen's motion is denied.

Gordon also seeks dismissal of the portion of Allen's Eighth Amendment claim in which Allen alleges Gordon acted "with deliberate indifference or willful neglect, [which] contributed to an environment that denied him an education" under 12(b)(1). Gordon argues the court lacks subject matter jurisdiction over this portion of the claim since Allen failed to exhaust the administrative remedies under the Individuals with Disabilities Education Act ("IDEA") in 20 U.S.C. §§ 1400-1420. Allen counters that while the "[failure] to receive accommodation for education services . . . [are] specifically covered by [IDEA]," he was not obligated to exhaust IDEA administrative remedies because "the gravamen of this case is not the result of an

1 administrative decision made that could be appealed, but the direct
2 result of the defendant's tortious action." (Pl.'s Opp. at 8.)
3 Since Allen has alleged an educational injury "that could be redressed
4 to some degree by the IDEA's administrative procedures and remedies,"
5 Allen is required to exhaust those administrative remedies. <u>Robb v.</u>
6 <u>Bethel School Dist. No. 403</u>, 308 F.3d 1047, 1053-54 (9th Cir. 2002).
7 Therefore, this portion of his claim is dismissed.

8 Lastly, Plaintiffs seek an opportunity to file an amended
9 complaint in which they could address deficiencies in their pleading.
10 Plaintiffs are granted ten days leave from the date on which this
11 Order is filed to file an amended complaint in which they address the
12 deficiencies in their complaint.

Dated: June 30, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge