IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROGER ARDEN ELSETH, PATRICIA ANN )
ELSETH, and ALLEN ELSETH by his )
guardian ad litem ROGER ARDEN )
ELSETH and PATRICIA ANN ELSETH, )
                                )
          Plaintiffs,           )   2:08-cv-02890
                                )
     v.                         )   ORDER[*]
                                )
VERNON SPEIRS, Chief Probation  )
Officer of the County of        )
Sacramento, individually; DAVID )
GORDON, Superintendent Sacramento )
County Department of Education, )
individually; Deputy Probation  )
Officer RONALD TAM, individually; )
Deputy Probation Officer JEFF   )
ELORDUY, individually; DR. RICHARD )
SAXTON, M.D., individually,     )
                                )
          Defendants.           )
_____)

Defendant David Gordon ("Gordon") moves for an order issued under Federal Rule of Civil Procedure ("Rule") 12(b)(1), dismissing Plaintiff Allen Elseth's claim in Plaintiffs' Fourth Amended Complaint ("FAC")[1] that he was denied educational programs, and in the alternative, seeks to have this claim stricken under Rule 12(f).

---

[*] This matter was determined to be suitable for decision without oral argument. E.D. Cal. R. 78-230(h).

[1] Although Plaintiffs titled their amended complaint a "Fourth Amended Complaint," it is actually their third amended complaint.

1

Gordon also moves for dismissal of Plaintiffs' second claim under Rule 12(b)(6), and for a more definite statement of Plaintiffs' third claim under Rule 12(e).  Since Gordon is not a defendant in the third claim, this portion of his motion is denied as moot.  Plaintiffs Allen Elseth ("Allen") and his parents, Roger and Patricia Elseth (the "Elseths") (collectively "Plaintiffs") did not oppose Gordon's motion.

Further, Defendant Dr. Richard Saxton ("Saxton") moves for dismissal with prejudice of Plaintiffs' third claim under Rule 12(b)(6), and also for a more definite statement of this claim under Rule 12(e) if the dismissal motion is granted and Plaintiffs are granted leave to amend.  Plaintiffs filed a late opposition to Saxton's motion.

## I. FACTUAL ALLEGATIONS

Plaintiffs' claims concern alleged abuse and inadequate services Allen experienced at the B.T. Collins Juvenile Center ("B.T. Collins"), a "juvenile hall" for "persons within the jurisdiction of the juvenile court" in Sacramento, California. (FAC ¶ 6.2.2). Plaintiffs allege on December 5, 2006, Allen, who "suff[ers] from a number of mental disabilities" and was confined at B.T. Collins, was held down and beaten by staff "three times in the face." (FAC ¶¶ 4.2, 5.4d, 6.1.1.1.)  Plaintiffs allege that as a result of the misconduct, Allen "suffered injuries to his face and eyes," which required medical treatment and medical monitoring for the following six days. (FAC ¶¶ 6.1.1.1-6.1.1.13.)  Plaintiffs also allege a litany of problems exist at B.T. Collins and the Warren E. Thornton Youth Center (collectively "Sacramento County Juvenile Hall" or the "Hall"), including, but not limited to: use of excessive force on youth, verbal and emotional abuse of the youth, denial of basic needs such as adequate food and

clean living spaces, lack of education and programing, denial of information concerning medical care, and discriminatory accommodations for disabled youth. (FAC ¶¶ 6.3.1-6.10.1.)

Gordon is the Sacramento County Superintendent of Schools and Saxton is a physician at B.T. Collins. (FAC ¶¶ 4.4, 4.6.) Plaintiffs allege the following claims against Gordon and Saxton respectively in the second and third claims:

> On or about December 5, 2006, and continuously before and after that date, [Gordon and Saxton], acting under color of law, with deliberate administrative indifference or willful neglect contributed to the corporal abuse of ALLEN and an environment that led to the failure of services to ALLEN by failing to report the abuse and failure of services to the ELSETHS, Child Protective Services, and other authorities outside the juvenile system.
>
> As a direct and proximate cause of [Saxton's] conduct, Child Protective Services, and other authorities were not notified, and the ELSETHS were denied information necessary to take appropriate action on behalf of ALLEN concerning his physical abuse and denial of remedial services while in the Juvenile Detention[] Facilities.

(FAC ¶¶ 8.4-8.5; ¶¶ 9.4-9.5.)  Allen's first claim alleges physical abuse to which the B.T. Collins staff subjected him on December 5, 2006, in violation of the "Eighth Amendment's prohibition against cruel and unusual punishment."   (FAC ¶¶ 1.1, 8.2, 9.2).  Allen alleges the movants contributed to this abuse by failing to report it. (FAC ¶¶ 8.4, 9.4.)  Allen also alleges he was not provided adequate rehabilitative services while confined at B.T. Collins, and that the movants contributed to the lack of services by failing to report the matter.  (FAC ¶¶  1.1, 8.2,  8.4, 9.2, 9.4.)  Further, the Elseths' allege the movants violated their parental rights by failing to notify them of abuse Allen sustained on December 5, 2006, Allen's subsequent

medical treatment, and the alleged lack of services at the Hall. (FAC ¶¶ 1.1, 8.3, 8.5, 9.3, 9.5.).

## II.  LEGAL STANDARDS

### A. Motion to Dismiss under Rule 12(b)(1)

"[T]he court may determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure" "[u]nless the jurisdictional issue is inextricable from the merits of a case." Kingman Reef Atoll Invs., L.L.C. v. United States, 541 F.3d 1189, 1195 (9th Cir. 2008).  "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." Rattlesnake Coal. v. E.P.A., 509 F.3d 1095, 1102 n. 1 (9th Cir. 2007) (internal reference omitted).

### B. Motion to Dismiss under Rule 12(b)(6)

When considering a motion to dismiss under Rule 12(b)(6), all material allegations in the complaint must be accepted as "true and construed in the light most favorable to the nonmoving party." Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  The "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  Ashcroft v. Iqbal, -- U.S. --, 129 S.Ct. 1937, 1950 (2009).  The pleading requirements for a cognizable claim will not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id.

### C. Motion for a More Definite Statement under Rule 12(e)

A Rule 12(e) motion for a more definite statement is appropriate when the complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. Proc. 12(e).  A Rule 12(e) motion should be granted "if the

complaint is specific enough to notify defendant of the substance of the claim being asserted." C.B. v. Sonora School Dist., No. CV-F-09-285 OWW/DLB, 2009 WL 3077989, at *6 (E.D. Cal. September 22, 2009).

### IV.   ANALYSIS

**A. Defendant Gordon**

**1. Gordon's Rule 12(b)(1) Motion to Dismiss**

Gordon seeks dismissal under Rule 12(b)(1) of Allen's claim challenging the sufficiency of educational programming at the Sacramento County Juvenile Hall, arguing the Court lacks subject matter jurisdiction over this claim. Gordon contends this claim should be dismissed since Allen failed to allege he exhausted applicable mandatory administrative remedies in the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1420. (Gordon's Mot. 5:26-6:4.) Allen has not alleged he exhausted the mandatory administrative remedies under the IDEA. Therefore, this claim is dismissed. See Robb v. Bethel School Dist. No. 403, 308 F.3d 1047, 1053-54 (9th Cir. 2002)(discussing the IDEA administrative procedures and remedies exhaustion issue).

**2. Gordon's Rule 12(b)(6) Motion to Dismiss**

Gordon also seeks dismissal of Plaintiffs' second claim in which Plaintiffs allege Gordon violated the Eighth and Fourteenth Amendments. "An official's deliberate indifference to a substantial risk of serious harm to an inmate-including the deprivation of a serious medical need-violates the Eighth Amendment, and a fortiori, the Fourteenth Amendment." Conn v. City of Reno, 572 F.3d 1047, 1054-55 (9th Cir. 2009).

### a. Allens' Eighth Amendment Claim against Gordon

To state a claim against Gordon under the Eighth Amendment's proscription against cruel and unusual punishment, Allen is required to allege that Gordon was "'deliberate[ly] indifferen[t]'" to Allen's "'serious medical needs'" or subjected Allen to a "substantial risk of serious harm." Estelle v. Gamble, 429 U.S. 97, 104 (1976); Farmer v. Brennan, 511 U.S. 825, 828 (1994). Allen has not alleged what constitutes his serious medical needs or a substantial risk of serious harm. Allen is required "show a serious medical need by demonstrating th[ere was a] failure to treat [a specified] condition [and this failure] could result in further significant injury or the unnecessary and wanton infliction of pain [, and that Gordon's] response to the need was deliberately indifferent." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)(internal citations and quotations omitted). Allen is also required to show that Gordon "acted or failed to act despite his knowledge of a substantial risk of serious harm" to Allen. Farmer v. Brennan, 511 U.S. at 842. Allen's conclusory allegations do not show "facts from which the inference could be drawn" that Gordon's response to Allen's serious medical needs, or to the substantial risk of serious harm to which Allen was subjected, was deliberately indifferent. Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004). Accordingly, this claim is dismissed.

### b. Allen's Fourteenth Amendment Claim against Gordon

Gordon also contends Allen's Fourteenth Amendment Due Process Clause claim based on Gordon's failure to report the lack of services at the Sacramento County Juvenile Hall is not cognizable

since Allen has not alleged he has a right to "rehabilitative services." (Gordon Mot. 8:1-20.)

"A due process claim is cognizable only if there is a recognized liberty or property interest at stake." Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985). Allen "alleged no liberty or property interest sufficient to trigger due process protection in his . . . complaint." Id. Therefore, this claim is dismissed.

### c. Elseths' Fourteenth Amendment Claim against Gordon

Gordon seeks dismissal of the Elseths' claim that he violated the Fourteenth Amendment by failing to report the December 5, 2006 incident, Allen's subsequent medical treatment, and the general lack of "remedial" services at B.T. Collins, arguing they have not alleged a right to such information. (Gordon Mot. 8:22-27.)

This claim is conclusory and devoid of facts, and fails to allege that the Elseths have a "property interest" in the information they claim they were denied. Rizzo, 778 F.2d at 530. Therefore, this claim is dismissed.

## B. Defendant Saxton

### 1. Saxton's 12(b)(6) Motion to Dismiss

Saxton seeks dismissal of Plaintiffs' third claim in which Plaintiffs allege Saxton violated the Eighth and Fourteenth Amendments.

### a. Allen's Eighth Amendment Claim against Saxton

Allen alleges Saxton violated the Eighth Amendment by acting with "deliberate administrative indifference or wilful neglect," and by "failing to report" the alleged abuse at B.T. Collins, which ultimately "contributed" to the abuse. (FAC ¶ 9.4.) However, Allen has failed to allege what facts constitute a "serious

7

medical need" or "significant risk of harm" to which Saxton was deliberately indifferent. "[T]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements," cannot withstand a motion to dismiss." Ashcroft, 129 S.Ct. at 1950. Therefore, this claim against Saxton is dismissed.

### b. Allen's Fourteenth Amendment Claim against Saxton

Saxton also seeks dismissal of Allen's Fourteenth Amendment claim which is based on Saxton's failure to report lack of services "necessary for his rehabilitation." (FAC ¶¶ 9.2, 9.4.) However, Allen has not alleged "a recognized liberty or property interest at stake," or identified services to which he was entitled and denied. Rizzo, 778 F.2d at 530. Therefore, this claim is dismissed.

### c. Elseths' Fourteenth Amendment Claim against Saxton

Saxton also seeks dismissal of the Elseths' claim in which they allege that Saxton's conduct of failing to inform them of the alleged abuse of Allen, Allen's medical treatment, and the lack of "remedial" services at B.T. Collins violated the Fourteenth Amendment. (FAC ¶¶ 9.3, 9.5.) Since the Elseths' conclusory allegations do not allege a "recognized property or liberty interest at stake" concerning the information they claim they were denied, this claim is dismissed. Rizzo, 778 F.2d at 530.

### 2. Saxton's 12(e) Motion for a More Definite Statement

Saxton seeks a more definite statement of Plaintiffs' third claim, should Plaintiff elect to amend it, arguing he cannot respond to this claim because it encompasses several claims: Allen's claim alleging Saxton was "deliberately indifferent" in failing to report the abuse and failure of services, and the Elseths' claim alleging Saxton failed to report the abuse, and failure of services in

8

violation of the Fourteenth Amendment.  (Saxton Mot. 8:3-15.) Plaintiffs have conceded in their opposition that the claims should be separated. (Pls' Opp'n 11:14-17.)  Since Plaintiffs agree with Saxton's position, this portion of the motion is denied as moot.

### V. CONCLUSION

For the stated reasons, Gordon's motion is granted, except for the portion seeking a more definite statement of the third claim, which is denied as moot since Gordon is not a defendant in the third claim.  Further, Saxton's motion is granted, except for the portion seeking a more definite statement of the third claim, which is denied as moot since Plaintiffs agree with Saxton on the matter.  Plaintiffs have ten (10) days from the date on which this order is filed to file an amended complaint curing the deficiencies discussed in this order.

Dated:  December 3, 2009

GARLAND E. BURRELL, JR.
United States District Judge