IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROGER ARDEN ELSETH, PATRICIA ANN, )
ELSETH, and ALLEN ESETH by his    )
guardian ad litem ROGER ARDEN     )   2:08-cv-02890-GEB-KJM
ELSETH, and PATRICIA ANN ELSETH,  )
                                  )   ORDER DENYING PLAINTIFFS'
            Plaintiffs,           )   MOTION FOR NEW TRIAL AND
                                  )   ALTERNATIVE MOTION TO AMEND
        v.                        )   THE JUDGMENT[*]
                                  )
VERNON SPEIRS, Chief Probation    )
Officer of the County of          )
Sacramento; SHERIFF OF THE COUNTY )
OF SACRAMENTO; DAVID GORDON,      )
Superintendent, Sacramento County )
Department of Education; DEPUTY   )
SHERIFF TAM; DEPUTY SHERIFF       )
ALLENGUIRY; DR. SAXTON, M.D.,     )
                                  )
            Defendants.           )
_____)

Plaintiffs filed a "Motion for New Trial and Alternative Motion to Amend the Judgment" on April 28, 2010.  (Docket No. 96.) Through this motion, Plaintiffs appear to seek reconsideration of an order that issued on April 15, 2010, and dismissed with prejudice, Plaintiffs' claims alleged against Defendants Saxton and Gordon. Alternatively, Plaintiffs' motion requests that the court "amend the judgment to provide the following statement[:] 'The Court is of the opinion that the order with respect to exhaustion of IDEA involves a controlling question of law as to which there is substantial ground

---

[*] This matter is deemed to be suitable for decision without oral argument.  E.D. Cal. R. 230(g).

1

1 for difference of opinion and that an immediate appeal from the order
2 may materially advance the ultimate termination of litigation.'"
3 (Pls.' Mot. 2:12-16.)  Defendants Saxton and Gordon individually
4 oppose Plaintiffs' motion.  Gordon argues Plaintiffs' motion "is both
5 procedurally improper and substantively lacks merit."  (Gordon Opp'n
6 2:25-26.)  Saxton contends "there are no grounds to justify
7 reconsideration of the court's order."  (Saxotn Opp'n 3:12-13.)
8          Plaintiffs' counsel filed a "Request for Continuance;
9 Inability to Get Copies On Line; Urgent" on May 29, 2010, which
10 Plaintiffs' counsel declares is true under penalty of perjury.  In
11 this filing, Plaintiffs' counsel declares that "Plaintiffs have tried,
12 without success[,] to download Saxton's and Gordon's Opposition to
13 Plaintiffs['] motion to amend or alter the judgment" and "request a
14 continuance of the hearing date to respond to the oppositions and
15 objections . . . ."  (Reply 1:15-26.)  Plaintiffs' counsel further
16 declares that he is "just recovering from 'walking pneumonia,' and
17 gout."  (Id. 1:22.)  However, in light of the arguments raised in
18 Plaintiffs' motion, a reply brief and a hearing on the motion is
19 unnecessary; therefore, Plaintiffs' request for a continuance is
20 denied.
21          Plaintiffs state their motion is under Federal Rule of Civil
22 Procedure 59 ("Rule 59").  (Pls.' Mot. 3:12-16.)  However, Rule 59
23 provides a means of requesting a new trial or amending or altering a
24 judgment.  See Fed. R. Civ. P. 59.  Rule 59, therefore, is only
25 applicable after a judgment has been entered.  Id.; see also Ryles v.
26 Palace Hotel, No. C 04-5326 SBA, 2006 WL 3093678, at *1 n.1 (N.D. Cal.
27 Oct. 27, 2006) (stating that Rule 59 "applies when judgment has been
28 entered.")  Since judgment has not been entered in this case, Rule 59

is wholly inapplicable and Plaintiffs' reliance upon Rule 59 is misplaced.

Nonetheless, Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") and Local Rule 230(j) provide a means of seeking reconsideration of a court order. Rule 60(b) states that "on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . .; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Local Rule 230(j) further requires that counsel for a party moving for reconsideration "present to the Judge . . . to whom such [reconsideration] motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including: (1) when and to what Judge . . . the prior motion was made; (2) what ruling, decision, or order was made thereon; (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and (4) why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. R. 230(j).

Further, "[u]nder the law of the case doctrine, a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court, in the identical case

. . . . A court may have discretion to depart from the law of the case where: (1) the first decision was clearly erroneous; (2) an intervening change in the law has occurred; (3) the evidence on reconsideration is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result. Failure to apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion." United States v. Iron Mountain Mines, Inc., 987 F. Supp. 1244, 1246 (E.D. Cal. 1997) (quoting United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997)).

Plaintiffs appear to argue in their motion that reconsideration should be granted because the court denied their request for judicial notice of certain documents and photographs when deciding the prior dismissal motion, and that subsequent to the submission of the dismissal motion, Plaintiffs deposed Defendant Saxton. Plaintiffs also attempt to reargue that their complaint sufficiently alleged a protectable liberty interest.

Plaintiffs' arguments thus only "challenge the reasoning and analysis of the court's [prior dismissal] order." Catanzarite v. Horel, No. C 07-0677 WHA, 2010 WL 1849930, at *1 (N.D. Cal. May 7, 2010). Such arguments, however, "are properly raised on appeal, [and] not in a motion for reconsideration." Id.; see also United States v. Westlands Water Dist., 134 F. Supp.2d 1111, 1131 (E.D. Cal. 2001) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.") (quotation and citations omitted)). Plaintiffs have not shown that there is any basis to

1  support departing from the law of the case doctrine and reconsidering
2  issues previously decided.  Accordingly, Plaintiffs' motion is DENIED.
3  Dated:  June 2, 2010

```
                              _____
                              GARLAND E. BURRELL, JR.
                              United States District Judge
```