IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER ARDEN ELSETH; PATRICIA ANN ELSETH; and ALLEN ELSETH, by his guardian ad litem, ROGER ARDEN ELSETH and PATRICIA ANN ELSETH,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID GORDON, Superintendent Sacramento County Department of Education, individually; Deputy Probation Officer JEFF ELORDUY, individually; DR. RICHARD SAXTON, M.D., individually,<br><br>Defendants. | 2:08-cv-02890-GEB-KJM<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION[*] |

Plaintiffs move for reconsideration of the Court's November 22, 2010, "Order Granting Motion for Summary Adjudication" under Federal Rule of Civil Procedure ("Rule") 60(b). In essence, Plaintiffs argue Defendants Verne Speirs, Ronald Tam and Jeff Elorduy ("Defendants")'s summary adjudication motion should be reconsidered based on "mistake, inadvertance [sic] or excusable neglect" due to Plaintiffs' counsel's "mistaken belief that [an opposition] had been properly filed." (Pls.' Mot. 1:16-19.) Defendants counter, *inter alia*, that Plaintiffs' motion should be denied because they "fail to set forth a permissible basis for

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

relief under [Rule] 60(b)." (Defs.' Opp'n 5:22.) For the reasons stated below, Plaintiffs' reconsideration motion is GRANTED.

"Rule 60(b) provides that a court 'may relieve a party or its legal representative from a final judgment, order, or proceeding' on the basis of 'mistake, inadvertence, surprise, or excusable neglect.'" Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1260 (9th Cir. 2010) (citing Fed. R. Civ. P. 60(b)). "Excusable neglect encompasses situations in which the failure to comply with a filing deadline is attributable to negligence, and includes omissions caused by carelessness." Lemoge v. U.S., 587 F.3d 1188, 1192 (9th Cir. 2009) (quotations omitted). "The determination of whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Id. (quotation omitted).

> To determine whether a party's failure to meet a deadline constitutes "excusable neglect," courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.

Ahanchian v. Xenon Pictures, Inc., 624 F.3d at 1261 (citations omitted).

Plaintiffs' counsel declares that he timely prepared an opposition to Defendants' summary adjudication motion, and "sent a copy of [the Opposition] . . . to the client prior to filing." (Mot. 2:5-6; 3:17-25, ECF Nos. 116-6, 116-7.) He further declares that he had difficulties filing the documents electronically "so he called on the Help desk" for assistance. Id. at 3:26-28. Plaintiffs' counsel further declares he is "at a loss as to what happened to the opposition papers." Id. at 4:3-4.

The four factors weigh in favor of granting Plaintiffs' reconsideration motion. Plaintiffs did not delay in seeking relief from the order; the order granting summary adjudication was filed on November 22, 2010, and Plaintiffs filed their reconsideration motion on December 1, 2010. Nothing in the record indicates Plaintiffs' counsel acted in bad faith, or that Defendants would be prejudiced if the motion is granted. See Bateman v. U.S. Postal Service, 231 F.3d, 1220, 1225 (9th Cir. 2000) (holding losing a quick victory on summary judgment and rescheduling the trial date should defendants lose the summary judgment motion on its merits "is insufficient to justify denial of relief under Rule 60(b)(1)"). Therefore, Plaintiffs' Rule 60(b) motion for relief is GRANTED. The Court's November 22, 2010 Order (ECF No. 114) is rescinded, and Defendants' motion for summary adjudication is rescheduled for hearing to commence at 9:00 a.m. on February 22, 2011. Any opposition shall be filed no later than February 8, 2011. Any reply shall be filed no later than February 15, 2011.

Dated: February 1, 2011

GARLAND E. BURRELL, JR.
United States District Judge

3