IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALLEN ELSETH, by his guardians ad litem, Roger Elseth and Patricia Ann Elseth,

          Plaintiff,

      v.

Deputy Probation Officer Jeff Elorduy, individually,

          Defendant.

   2:08-cv-02890-GEB-CMK

   DECISION FINALIZING "FINAL PRETRIAL ORDER" AND ADDRESSING IN LIMINE MOTIONS

     Each party moves in limine concerning certain evidence, and Plaintiff also argues in an in limine motion that two of Defendant's jury instructions are not applicable in this case. (Pl.'s Mot. in Limine 1:24-2:2, ECF No. 145.) Defendant counters that "in limine motions are not the appropriate vehicle for challenging proposed jury instructions." (Def.'s Opp'n 2:3-4, ECF No. 156.) Defendant further argues: "Because the motion in limine filed by Plaintiff deal[s] with jury instructions rather than evidence, Defendant respectfully requests that the Court deny Plaintiff's motion in limine." Id. 2:16-17. I contemplate issuing tentative jury instructions in a separate filing, and therefore a tentative decision on the content of jury instructions is not issued in this decision. However, I will amend lines 1-9 of page 2 of the Final Pretrial Order ("FPO") by replacing that portion of the FPO with the

discussion in the paragraph below commencing with the sentence beginning on line 10 and ending on line 22. Defendant's objections to the FPO are overruled, and as Plaintiff states in his response to Defendant's objections the fourteenth amendment standard applies to Plaintiff's excessive force claim.   To the extent that the other portion of Plaintiff's response could be construed as an objection to the FPO, it is unclear and therefore overruled.

The above referenced portion of the FPO is replaced by the following amendment which ends concluding that the fourteenth amendment standard applies to Plaintiff's excessive force claim. "The status of the detainees determines the appropriate standard for evaluating conditions of confinement. The eighth amendment applies to 'convicted prisoners.' By contrast, the more protective fourteenth amendment standard applies to conditions of confinement when detainees, whether or not juveniles, have not been convicted." <u>Gary H. v. Hegstrom</u>, 831 F.2d 1430, 1432 (9th Cir. 1987).   California Welfare & Institution Code § 203 reveals that California's juvenile justice system is noncriminal; this statute  prescribes: "An order adjudging a minor to be a ward of the juvenile court shall not be deemed a conviction of a crime for any purpose, nor shall a proceeding in the juvenile court be deemed a criminal proceeding."   Therefore, the fourteenth amendment standard applies to Plaintiff's excessive claim.  Because of these rulings on the objections to the FPO, the FPO is now a final order.

Each in limine motion is addressed below.

**A.   Plaintiff Allen Elseth's Motion in Limine**

Plaintiff Allen Elseth seeks exclusion of "[a]ny reference to Plaintiff being a convicted adult on the grounds he was a juvenile offender, in juvenile detention, not a convicted adult." (Pl.'s Mot. in

Limine 1:20-21.) Plaintiff does not offer any legal support for this request. However, since nothing filed suggests that Defendant has any basis for indicating that Plaintiff was a convicted adult at the time of the alleged excessive force, it is unclear why Plaintiff is concerned about this issue, and why an in limine ruling is necessary. Therefore, the motion is DENIED.

   **B.   Defendant's Motions in Limine**

        **1)   Motion in Limine No. 1**

        Defendant "moves to preclude Dr. Angela Rosas from testifying at trial and to exclude her Report and all references thereto." (Def.'s Mot. in Limine ("Mot.") 2:3-4, ECF No. 147.) However, the motion does not provide a sufficient factual context to justify an in limine ruling and is therefore DENIED.

        **2)   Motion in Limine No. 2**

        Defendant also moves to exclude "[t]estimony from Plaintiff and/or his witnesses regarding whether the force used was excessive or unreasonable." (Mot. 9:6-7.) The scope of this motion is unclear, therefore, it is DENIED.

        **3)   Motion in Limine No. 3**

        Defendant moves to "[e]xclude any and all reference to Plaintiff incurring lost wages and/or loss of future earning capacity as a result of the alleged actions of ELORDUY." (Mot. 10:25-26.) Plaintiff responds that he "has no objection, but does assert the right to presumed damages, pain and suffering in an amount to be determined, and punitive damages." (Pl.'s Opp'n 10, ECF No. 151.) Therefore, this portion of Defendant's is GRANTED.

        Defendant also replies with the unsupported argument that the Court should "reject Plaintiff's argument that compensatory damages are

recoverable absent a showing of actual damages." (Def.'s Reply 6:7-8, ECF No. 164.)  This response is therefore disregarded, and to the extent this response should be characterized as a motion, it is DENIED.

        **4)   Motion in Limine No. 4**

Defendant seeks to "[e]xclude any and all opinion and testimony regarding diagnosis or treatment of Plaintiff's mental state subsequent to December 5, 2006." (Mot. 12:3-4.) Defendant argues "Plaintiff has not disclosed an expert qualified to testify regarding the diagnosis and treatment of his mental state subsequent to December 5, 2006." Id. 12:19-20. Defendant also argues "Plaintiff is not an expert and thus cannot offer a conclusion about his own medical condition." Id. 13:1-2. Plaintiff counters that the referenced evidence is "potentially relevant to damages for pain and suffering." (Pl.'s Opp'n 12.)

Since it is unclear what evidence this motion concerns, it is DENIED.

        **5)   Motion in Limine No. 5**

Defendant seeks exclusion of "evidence regarding what, if any, disabilities Plaintiff may have and any rehabilitative services he believes he should have received from the Sacramento County Probation Department." (Mot. 13:8-10.) Plaintiff does not offer any argument regarding this motion in his opposition brief. (Pl.'s Opp'n 13-14.)

Defendant argues that "[w]hether the Probation Department provided sufficient rehabilitative services to Plaintiff while he was housed at Juvenile Hall does not tend [to] make the existence of a fact pertaining to whether ELORDUY used excessive force on December 5, 2006 more or less probable." (Mot. 13:24-28.) Since Plaintiff has failed to

explain why this referenced evidence is relevant to his excessive force claim, this portion of Defendant's motion in limine number 5 is GRANTED.

However, Defendant does not explain why evidence "regarding what, if any, disabilities Plaintiff may have" should be excluded and fails to offer authority supporting this request. Therefore, this portion of Defendant's motion in limine number 5 is DENIED.

**6) Motion in Limine No. 6**

Defendant seeks to "[e]xclude any and all references to reports prepared by the Sacramento County Grand Jury." (Mot. 14:15.) Defendant argues these reports are not relevant and are therefore inadmissible, since "[n]one of these documents have anything to do with Defendant JEFF ELORDUY or the allegation that ELORDUY used excessive force on Plaintiff on December 5, 2006[.]" Id. 14:28-15:2. Defendant also argues "introducing them would confuse the jury and result in an undue waste of time." Id. 15:11-12. Plaintiff fails to address this motion in his opposition brief. (Pl.'s Opp'n 14.)

Since Plaintiff has not explained how the referenced reports are relevant to Plaintiff's excessive force claim, Defendant's motion in limine number 6 is GRANTED in regards to the specific reports referenced in the motion.

**7) Motion in Limine No. 7**

Defendant seeks to "[e]xclude evidence and argument regarding whether Plaintiff was subjected to excessive or unauthorized uses of force at times other than December 5, 2006." (Mot. 15:15-16.) Defendant argues "[a]lleged incidents of excessive force occurring on other dates that involve employees of the Probation Department who are not parties to this litigation are entirely irrelevant to whether ELORDUY's alleged use of force . . . on December 5, 2006 violated Plaintiff's

constitutional rights." Id. 15:28-16:3. Defendant argues such information should be precluded under Federal Rules of Evidence 401-403 since it is irrelevant, unduly prejudicial, is likely to confuse the jury, and would result in an undue consumption of time. Id. 16:4-12. Plaintiff fails to address this motion in his opposition brief. (Pl.'s Opp'n 15.)

Since Plaintiff has not explained how the referenced alleged incidents of excessive force are relevant to his excessive force claim, Defendant's motion in limine number 7 is GRANTED.

### 8)   Motion in Limine No. 8

Defendant seeks to "[e]xclude any and all evidence, argument and reference to whether Plaintiff received adequate or necessary medical and/or mental health treatment while in the custody of the Sacramento County Probation Department." (Mot. 16:20-22.) Defendant argues, *inter alia*, that this evidence is irrelevant to Plaintiff's excessive force claim. Id. 17:4-15. Plaintiff fails to address this motion in his opposition brief. (Pl.'s Opp'n 15-16.)

Since Plaintiff has not explained how this evidence is relevant to his excessive force claim, Defendant's motion in limine number 8 is GRANTED.

### 9)   Motion in Limine No. 9

Defendant seeks to "[e]xclude all evidence, argument and reference to whether employees of the Sacramento County Probation Department, including Defendant, complied with child abuse reporting requirements." (Mot. 18:12-15.) Defendant argues that "[b]ased on Plaintiff's pretrial filings, it appears that he intends to try to assert . . . that [Elorduy] is liable for failing to report suspected child abuse." Id. 18:28-19:1. Defendant argues "[n]o discovery was

conducted into the issue of reporting suspected child abuse nor did ELORDUY have an opportunity to file a dispositive motion on such a claim because such a claim was not alleged in the [operative complaint]." <u>Id.</u> 19:14-17. Plaintiff fails to address this motion in his opposition brief. (Pl.'s Opp'n 16-17.)

This claim is not alleged in the operative complaint. Plaintiff raised this argument for the first time in his opposition brief to Defendants' motion for summary adjudication. (Opp'n 6:10-17, ECF No. 129; Order 11:1-16, ECF No. 132.) Plaintiff's request to allege a new claim was denied in the Order granting Defendants' motion for summary adjudication. (Order 8:19-9:3, ECF No. 132.) Since Plaintiff has failed to explain how evidence of whether employees of the Sacramento County Probation Department, including Defendant, complied with child abuse reporting requirements is relevant to Plaintiff's sole remaining excessive force claim, Defendant's motion in limine number 9 is GRANTED.

**10)  Motion in Limine No. 10**

Defendant seeks to "[e]xclude any and all evidence, argument and reference to treatment of, or injuries allegedly received by, persons other than Plaintiff, including any information regarding other cases or matters filed regarding those issues or consent decrees adopted in other cases." (Mot. 19:24-26.) Defendant argues this evidence "is not relevant to whether ELORDUY used excessive force on December 5, 2006." <u>Id.</u> 20:13-14. Defendant also argues this evidence is unduly prejudicial, will confuse the jury, and will result in an undue consumption of time at trial. <u>Id.</u> 20:18-24. Plaintiff fails to address this motion in his opposition brief. (Pl.'s Opp'n 17-18.) Since Plaintiff has not demonstrated that this evidence is relevant to his excessive force claim, Defendant's motion in limine number 10 is GRANTED.

**11) Motion in Limine No. 11**

Defendant seeks to "[e]xclude reference to whether Plaintiff was subjected to verbal or emotional abuse by employees of Sacramento County, including Defendant." (Mot. 21:8-9.) Defendant argues that "whether individuals who are not parties to this litigation subjected anyone to verbal or emotional abuse is entirely irrelevant to Plaintiff's excessive force claim against ELORDUY[.]" Id. 21:14-16. Defendant also argues "Plaintiff did not allege in his [FAC] that he was subjected to verbal and/or emotional abuse by ELORDUY" and therefore, "he should not be allowed to now offer evidence at trial in support of such a claim." Id. 21:17-21. Plaintiff fails to address this motion in his opposition brief. (Pl.'s Opp'n 18.)

This motion is granted except to the extent that it concerns anything ELORDUY allegedly said during the time he allegedly subjected Plaintiff to the excessive force about which Plaintiff complains in this action.

**12) Motion in Limine No. 12**

Defendant seeks to "[e]xclude all evidence, argument, and reference to whether Plaintiff was denied 'basic needs,' or proper education, programming and/or services for juveniles." (Mot. 22:3-4.) Defendant argues Plaintiff included allegations regarding the juvenile justice system in his operative complaint; however, "Plaintiff did not tie that information to any allegations against any of the Defendants named in this matter, let alone the only remaining Defendant[.]" Id. 22:10-13. Plaintiff fails to address this motion in his opposition brief. (Pl.'s Opp'n 18-19.) Since these allegations have not been shown relevant to Plaintiff's sole remaining claim, Defendant's motion in limine number 12 is GRANTED.

### 13)  **Motion in Limine No. 13**

Defendant seeks to "[e]xclude any . . . reference to the action or inaction of former Defendants Verne Speirs, Dr. Richard Saxton, and David Gordon." (Mot. 23:14-15.) Defendant argues "[e]vidence regarding what Chief Probation Officer Verne Speirs did or did not do in overseeing the general conditions of juvenile hall has no bearing on the excessive force claim asserted against ELORDUY." Id. 23:28-24:2. Defendant also argues "the actions or inactions of Dr. Saxton in treating Plaintiff and/or other juveniles and the actions or inactions of David Gordon in overseeing the education of Plaintiff and/or other juveniles has no bearing on the excessive force claim asserted against ELORDUY." Id. 24:2-6. Plaintiff fails to address this motion in his opposition brief. (Pl.'s Opp'n 19-20.)

Plaintiff's claims against Saxton and Gordon were dismissed with prejudice in an Order filed April 15, 2010. (Order 13:2-5, ECF No. 95.) Further, Speirs was granted summary adjudication of Plaintiff's claim against him in an Order filed February 24, 2011. (Order 11:17-22, ECF No. 132.) Plaintiff has not demonstrated that the referenced evidence is relevant to his excessive force claim against Defendant. Therefore, Defendant's motion in limine number 13 is GRANTED.

### 14)  **Motion in Limine No. 14**

Defendant seeks to "[e]xclude testimony from residents of Juvenile Hall and their parents who were not witnesses to the events that allegedly took place on December 5, 2006." (Mot. 24: 16-17.) Defendant argues "[t]estimony from witnesses who did no[t] observe the events of December 5, 2006, but are instead called to testify about the alleged use of force on other wards at other times by other employees of the Probation Department should not be allowed as it is entirely

irrelevant." Id. 25:2-6. Defendant also argues that "[e]ven if the witnesses were going to testify about the use of force by ELORDUY on them to try to prove his conduct on this occasion, such evidence should not be allowed as it would be unduly prejudicial to Defendant, would mislead the jury, and would necessitate the undue consumption of time." Id. 25:7-10. Additionally, Defendant argues that under Federal Rule of Evidence 404 (a) and (b), "extrinsic evidence of specific instances of conduct is inadmissible to prove action in conformity therewith." Id. 25:13-15.

Plaintiff fails to address this motion in his opposition brief. (Pl.'s Opp'n 20-21.)  Since Plaintiff has failed to demonstrate how the referenced evidence is relevant, Defendant's motion in limine number 14 is GRANTED.

### 15)  Motion in Limine No. 15

Defendant seeks to "[e]xclude the Declarations of Dr. Angela Rosas and Kevin Adamson." (Mot. 25:23.) Defendant argues, *inter alia*, that these declarations are inadmissible hearsay under Federal Rules of Evidence 801 and 802 and if Plaintiff wishes to bring forth relevant, non-hearsay, evidence from these individuals, he is perfectly able to call them to the stand during trial." Id. 26:6-8, 12-20. Defendant further argues Adamson's "Declaration also contains hearsay within hearsay under F.R.E., Rule 805 because it contains Mr. Adamson's account of statements allegedly made by Plaintiff's parent's." Id. 26:13-15.

Plaintiff does not address these arguments in his opposition brief. (Pl.'s Opp'n 21.) Plaintiff argues he "has in fact delivered the statements, a couple of days, at most, late, by mistake, inadvertence, or excusable neglect." Id. This argument appears directed at another motion Defendant filed, in which Defendant argues Plaintiff failed to

1   timely exchange his exhibits with Defendant as required by the Final

2   Pretrial Order. (Def.'s Objections to Pl.'s Trial Exs. 2:4-3:3, ECF No.

3   148.) The factual record is insufficient to justify a ruling, therefore

4   Defendant's motion in limine number 15 is DENIED.

5            **16)  Motion in Limine No. 16**

6            Defendant seeks to "[e]xclude the 'Grades and Evaluations',

7   'Miscellaneous letters', 'Sacramento County Child Protective Services'

8   and Sacramento Superior Court Order for conditions Pertaining to Allen

9   Elseth' documents referenced in Plaintiff's Exhibit List, including all

10  references thereto." (Mot. 27:4-7.) Plaintiff fails to address this

11  motion in his opposition brief. (Pl.'s Opp'n 21.)

12           Defendant argues "the document identified as 'Grades and

13  Evaluations' in the Joint Pretrial Report was not identified as a

14  document he intended to rely upon at trial nor was it ever produced

15  during discovery[,]" in violation of Rule 26(a)(1)(A)(ii), and the

16  "failure to produce those items was not justified, nor was it harmless

17  because it prevented Defendant from exploring their relevance." Id.

18  27:17-23. Although it is unclear whether the referenced evidence is

19  relevant, and/or whether Defendant can support their non production,

20  this portion of Defendant's motion in limine number 16 has not been

21  shown to be supported by a sufficient factual context to justify a an in

22  limine decision.  Therefore, the motion is DENIED.

23  Dated:  August 24, 2011

24

25  _____
    GARLAND E. BURRELL, JR.
26  United States District Judge

27

28

11