IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN ELSETH, by his guardians ad litem, Roger Elseth and Patricia Ann Elseth,<br><br>        Plaintiff,<br><br>    v.<br><br>Deputy Probation Officer Jeff Elorduy, individually,<br><br>        Defendant. | 2:08-cv-02890-GEB-CMK<br><br><u>RULING AND TRANSMITTAL OF TRIAL DOCUMENTS TO THE PARTIES</u> |

The attached voir dire questions, preliminary jury instructions, draft closing jury instructions, and draft verdict form concern the impending jury trial. Any proposed modifications should be submitted as soon as practicable.

The draft liability jury instruction does not include a discussion of "color of law" because it is assumed that Defendant concedes he acted under color of law. A jury instruction conference is scheduled on August 29, 2011, commencing at 1:30 p.m., at which this and other issues will be discussed.

Further, notwithstanding the following communication in the Final Pretrial Order ("FPO") concerning Defendant's qualified immunity defense, the parties have proposed an inadequate qualified immunity jury instruction:

> Defendant's statements in the JPS about qualified
> immunity are conclusory statements of the law,

1

>which are useless aids in the judicial endeavor to state the disputed facts applicable to that affirmative defense. The jury instruction on this issue, which the parties have stipulated shall be tried to the jury, shall be sufficient to inform the jury of the factual dispute it will decide.

(FPO, 2:14-19, ECF No. 142.) "Jury instructions must be formulated so that they fairly and adequately cover the issues presented, correctly state the law, and are not misleading. The instructions must allow the jury to determine the issues presented intelligently." <u>Fikes v. Cleghorn</u>, 47 F.3d 1011, 1013 (9th Cir. 1995) (citation omitted). Yet the parties propose the following qualified immunity jury instruction:

>Defendant JEFF ELORDUY contends he is entitled to qualify immunity. The purpose of qualified immunity is to shield public officials from undue interference with their duties and from potentially disabling threats of liability.
>It is Plaintiff's burden to prove by a preponderance of the evidence that Defendant's conduct violated a constitutional right. If Plaintiff establishes this, then Plaintiff must also prove by a preponderance of the evidence that there existed clearly established case law at the time of the incident that would have led a reasonable officer in Defendant JEFF ELORDUY's position to believe that his conduct was unlawful.

This proposed qualified immunity jury instruction is a woefully inadequate "guide [for] the jury's deliberation" since it does not explain instructed terms. <u>U.S. v. Redlightning</u>, 624 F.3d 1090, 1122 (9th Cir. 2010) (internal quotation omitted). Although it informs the jury that Plaintiff has the obligation of presenting "case law [existing] at the time of the incident" which "would have led a reasonable officer in Defendant JEFF ELORDUY's position to believe that his conduct was unlawful," it does not explain what constitutes a reasonable officer, or what "clearly established case law" means. Even though these explanations are missing, the ultimate inquiry in the

2

instruction, which requires "Plaintiff [to] prove by a preponderance of the evidence that there existed clearly established case law at the time of the incident that would have led a reasonable officer in Defendant JEFF ELORDUY's position to believe that his conduct was unlawful," presumes that the jury has been informed about clearly established case law which a constructed reasonable officer would have known, and with which he could have reasonably believed he complied.

Since the proposed qualified immunity jury instruction has the referenced serious flaws, despite the statement in the FPO that this instruction "shall be sufficient to inform the jury of the factual dispute it will decide," the question of law involved with this defense shall be decided by the court, rather than the jury-notwithstanding the parties' contrary stipulation that the qualified immunity question of law would be submitted to a jury. As the Ninth Circuit states in Act Up!/Portland v. Bagley, 988 F.2d 868, 873 (9th Cir. 1993):

> [T]he determination of what conduct underlies the alleged violation-what the officer and claimant did or failed to do-is a determination of fact [to be decided by a jury;] however, . . . the determination whether those facts support an objective belief that [the officer reasonably believed he was not violating Plaintiff's right to be free from excessive force] is ordinarily a question for the court.

This decision is made in light of the closeness of the jury trial commencement date of August 30, 2011, and the parties apparent inability to propose an adequate qualified immunity jury instruction.

Since the jury will not decide the question of law involved with this defense, the jury need not be informed about the defense of qualified immunity during any part of the proceedings. The jury will resolve the discrete issues of fact, if any, and all assertions made by the parties regarding the defense of qualified immunity shall be

3

1 | confined to those issues of fact.
2 |     In light of this ruling on how the qualified immunity defense
3 | will be decided, the FPO is supplemented as follows: A special verdict
4 | or interrogatories shall be filed no later than 8:00 a.m. on August 29,
5 | 2011, for all factual disputes to be resolved by the jury concerning the
6 | qualified immunity defense. Further, no later than 8:00 a.m. on August
7 | 29, 2011 each party shall file proposed prevailing party findings of
8 | fact and conclusions of law concerning the qualified immunity defense.
9 | Dated: August 26, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge

4