IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ALLEN ELSETH, by his guardians ad litem, Roger Elseth and Partricia Ann Elseth,<br><br>        Plaintiff,<br><br>  v.<br><br>Deputy Probation Officer Jeff Elorduy, individually,<br><br>        Defendant. | 2:08-cv-2890-GEB-CKD<br><br><u>ORDER DENYING DEFENDANT'S MOTION TO DISMISS; GRANTING IN PART DEFENDANT'S MOTION FOR ATTORNEY FEES; AND SCHEDULING TRIAL</u>* |

        Defendant moves to dismiss this action under Federal Rule of Civil Procedure ("Rule") 41(b), arguing that dismissal is justified based on Plaintiff's failure to prosecute this lawsuit since he failed to appear at trial and to follow court orders. Defendant requests in the alternative, an order requiring Plaintiff and/or Plaintiff's counsel to pay Defendant sanctions under 28 U.S.C. § 1927 and/or the Court's inherent authority.

        Defendant's motion is premised on the argument that Plaintiff's counsel procrastinated in securing Plaintiff's appearance at trial. Plaintiff was then an inmate in the State of Nevada. However, Plaintiff's attorney obtained an order that enabled a law enforcement official to commence transportation proceedings, but that official

---

    * This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

misapprehended his or her inmate transport authority and did not commence the trial transport proceeding. Plaintiff's counsel also made an unsupported attempt to have his client appear at trial by video transmission, and later made another motion to have his client appear by video transmission, which was scheduled for hearing on August 30, 2011. Plaintiff's counsel failed to attend the hearing. However, Defendant has not shown dismissal of Plaintiff's case is an appropriate sanction under the circumstances here, where Plaintiff's attorney failed to convince a law enforcement official to commence a transportation proceeding under a court order, and where Plaintiff's attorney's failed to adequately support Plaintiff's request for trial appearance by video transmission. Specifically, the following Rule 41(b) factors, which are part of the factors required to be considered when deciding whether dismissal is warranted, do not favor dismissal sanctions: risk of prejudice to the defendant; public policy favoring disposition of cases on their merits; and the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423-24 (9th Cir. 1986).

Nor has Defendant shown that Plaintiff's case should be dismissed because his lawyer failed to attend pretrial hearings on August 29 and 30, 2011, since the alternative sanction of awarding attorney's fees is adequate under the circumstances. Therefore, Defendant's Rule 41(b) motion is denied.

Defendant requests that Plaintiff and/or Plaintiff's counsel be ordered to reimburse Defendant under either 28 U.S.C. § 1927 or the Court's inherent authority for the following: attorney fees incurred due to preparing responses to Plaintiff's emergency motions in the District of Nevada and the Eastern District of California, meeting with and preparing Defense witnesses for trial, and researching and preparing

2

1  this motion; and costs from taking the videotape testimony of
2  Defendant's expert witness, who was unavailable to testify in person
3  during the set trial dates. However, Defendant has not cited any conduct
4  supporting the request against Plaintiff. Therefore, this portion of the
5  request is denied. Nor has Defendant shown that the Court should
6  consider whether a sanction should be imposed against Plaintiff's
7  attorney under the Court's inherent authority in the situation here,
8  where Defendant argues it is entitled attorney's fees under a particular
9  relevant statute; specifically, 28 U.S.C. § 1927. This statute
10 prescribes in pertinent part: "Any attorney . . . who so multiplies the
11 proceedings in any case unreasonably and vexatiously may be required by
12 the court to satisfy personally the excess costs, expenses, and
13 attorneys' fees reasonably incurred because of such conduct."
14         Here the record shows Plaintiff's counsel failed to attend the
15 pretrial hearings on August 29 and 30, 2011, and Plaintiff's counsel has
16 not responded to Defendant's motion with any explanation concerning his
17 failure to attend either hearing. Defendant seeks $3285.00 in attorney's
18 fees for these hearings. Defendant's argument concerning these missed
19 hearings support finding Plaintiff's failure to attend both hearings was
20 reckless and sanctionable conduct. See Fink v. Gomes, 239 F.3d 989, 993
21 (9th Cir. 2001) (holding that "recklessness suffices for § 1927
22 [sanctions]"). However, the remainder of Defendant's arguments do not
23 justify imposition of § 1927 sanctions; therefore, this portion of the
24 request is denied.
25         For the stated reasons, Plaintiff's counsel shall reimburse
26 Defendant in the amount of $3285.00.
27         Lastly, trial is scheduled to commence on February 28, 2012 at
28 9:00 a.m. Plaintiff shall notify the Court *immediately* if any issues

arise in securing Plaintiff's attendance for trial. Plaintiff is warned that a failure to do so could result in dismissal of this action.

Dated: October 7, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge