1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                   FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8  ALLEN ELSETH, by his guardians    )
   ad litem, Roger Elseth and        )    2:08-cv-2890-GEB-CKD
9  Partricia Ann Elseth,             )
                                     )
10             Plaintiff,            )    ORDER GRANTING IN PART AND
                                     )    DENYING IN PART PLAINTIFF'S
11        v.                         )    MOTION*
                                     )
12 Deputy Probation Officer Jeff     )
   Elorduy, individually,            )
13             Defendant.            )
   _____

14

15        Plaintiff moves for an order amending the October 7, 2011

16  order, in which Plaintiff's counsel was sanctioned, and required to pay

17  the sanction to Defendant. Plaintiff requests that payment of this

18  sanction be delayed until "entry of judgment." (Mot. 3:12-13.)

19        Defendant opposes this request, arguing that a delay in

20  payment would be "manifestly inequitable given that Defendant has

21  already incurred the fees and costs Plaintiff's counsel was ordered to

22  reimburse." (Opp'n 4:2-3.) Defendant requests that Plaintiff's counsel

23  be ordered to pay the sanction to Defendant by December 31, 2011.

24        However, trial is scheduled to commence on February 28, 2012,

25  and since the trial is scheduled close in time to when Defendant seeks

26  payment, Plaintiff's counsel's request regarding specifying that payment

27  _____

28        *   This matter is deemed suitable for decision without oral
    argument.  E.D. Cal. R. 230(g).

                                     1

1   is due after judgment is entered is GRANTED. Therefore, payment of the

2   sanction is due within ten (10) days of the entry of final judgment in

3   this case.

4          Plaintiff also seeks a writ of habeas corpus ad testificandum

5   which would compel the United States Marshal transport Plaintiff from

6   wherever Plaintiff is incarcerated in state prison to this court for

7   trial, or alternatively, that an order issue authorizing the use of

8   videoconferencing for Plaintiff's testimony at trial.

9          However, independent research was conducted concerning the

10  procedures for transporting prisoners for civil trials in light

11  Plaintiff's representation that the Untied States Marshal refused to

12  enter into an agreement to transport Plaintiff. The research indicates

13  that "[t]he custodian of the prisoner is responsible for transporting

14  and producing state or local prisoners in a federal civil case" not the

15  United States Marshals Service. <u>U.S. Marshals Service: Writs of Habeas</u>

16  <u>Corpus & Special Requests for Production</u>, USMarshals.gov,

17  http://www.usmarshals.gov/prisoner/writs.htm (last visited Nov. 18,

18  2011). Therefore, Plaintiff has not shown that the United States Marshal

19  will be involved in his transport to trial in this case.

20         Further, Plaintiff's request for "an order of this court, and

21  a writ of habeas corpus ad testificandum" does not include sufficient

22  information for issuance of the writ, and is therefore DENIED.

23         Plaintiff seeks in the alternative an order authorizing

24  Plaintiff to testify by contemporaneous transmission under Federal Rule

25  of Civil Procedure 43(a). Defendants oppose this request arguing

26  Plaintiff has not shown that "good cause" and "compelling circumstances"

27  exist, which is required under Rule 43(a).  Plaintiff has failed to

28  satisfy the showing required under Rule 43(a); therefore, this request

2

1 | is also DENIED.

2 | Dated:   November 18, 2011

3 |

4 | GARLAND E. BURRELL, JR.
United States District Judge

5 |

6 |

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |