IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN ELSETH, by his guardians ad litem, Roger Elseth and Partricia Ann Elseth,<br><br>        Plaintiff,<br><br>    v.<br><br>Deputy Probation Officer Jeff Elorduy, individually,<br><br>        Defendant. | 2:08-cv-2890-GEB-CKD<br><br><u>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION</u>[*] |

        Plaintiff moves for an order amending the October 7, 2011 order, in which Plaintiff's counsel was sanctioned, and required to pay the sanction to Defendant. Plaintiff requests that payment of this sanction be delayed until "entry of judgment." (Mot. 3:12-13.)

        Defendant opposes this request, arguing that a delay in payment would be "manifestly inequitable given that Defendant has already incurred the fees and costs Plaintiff's counsel was ordered to reimburse." (Opp'n 4:2-3.) Defendant requests that Plaintiff's counsel be ordered to pay the sanction to Defendant by December 31, 2011.

        However, trial is scheduled to commence on February 28, 2012, and since the trial is scheduled close in time to when Defendant seeks payment, Plaintiff's counsel's request regarding specifying that payment

---

[*] This matter is deemed suitable for decision without oral argument.  E.D. Cal. R. 230(g).

1

is due after judgment is entered is GRANTED. Therefore, payment of the sanction is due within ten (10) days of the entry of final judgment in this case.

Plaintiff also seeks a writ of habeas corpus ad testificandum which would compel the United States Marshal transport Plaintiff from wherever Plaintiff is incarcerated in state prison to this court for trial, or alternatively, that an order issue authorizing the use of videoconferencing for Plaintiff's testimony at trial.

However, independent research was conducted concerning the procedures for transporting prisoners for civil trials in light Plaintiff's representation that the Untied States Marshal refused to enter into an agreement to transport Plaintiff. The research indicates that "[t]he custodian of the prisoner is responsible for transporting and producing state or local prisoners in a federal civil case" not the United States Marshals Service. U.S. Marshals Service: Writs of Habeas Corpus & Special Requests for Production, USMarshals.gov, http://www.usmarshals.gov/prisoner/writs.htm (last visited Nov. 18, 2011). Therefore, Plaintiff has not shown that the United States Marshal will be involved in his transport to trial in this case.

Further, Plaintiff's request for "an order of this court, and a writ of habeas corpus ad testificandum" does not include sufficient information for issuance of the writ, and is therefore DENIED.

Plaintiff seeks in the alternative an order authorizing Plaintiff to testify by contemporaneous transmission under Federal Rule of Civil Procedure 43(a). Defendants oppose this request arguing Plaintiff has not shown that "good cause" and "compelling circumstances" exist, which is required under Rule 43(a). Plaintiff has failed to satisfy the showing required under Rule 43(a); therefore, this request

1  is also DENIED.

2  Dated:  November 18, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge