IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALLEN ELSETH, by his guardians )
ad litem, Roger Elseth and ) 2:08-cv-2890-GEB-CKD
Partricia Ann Elseth, )
                                           )
        Plaintiff, ) <u>ORDER DENYING WRIT OF HABEAS</u>
                                           ) <u>CORPUS AD TESTIFICANDUM AND</u>
  v. ) <u>VIDEO APPEARANCE</u>
                                           )
Deputy Probation Officer Jeff )
Elorduy, individually, )
                                           )
        Defendant.
_____

        On November 22, 2011, Plaintiff filed an application for a Writ of Habeas Corpus ad Testificandum. (ECF No. 196.) When determining whether to issue this writ, a district court considers "such factors as whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the prisoner's presence, the expense of the prisoner's transportation and safekeeping, and whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted." <u>Wiggins v. Cty. of Alameda</u>, 717 F.2d 466, 468 n.1 (9th Cir. 1983).

        Plaintiff's application does not address the stay factor, and fails to sufficiently address the amount of expenses involved with the following: his transportation, his incarceration in California, and his security during trial proceedings. Further, since Plaintiff has represented that he will pay all expenses involved with these matters,

1 and its is assumed that any involved jail, prison and law enforcement
2 agency requires payment before any service is rendered, Plaintiff shall
3 include when payment will be advanced, to whom, and the amounts thereof,
4 should Plaintiff ultimately decide to file a proposed writ addressing
5 the matters required to be addressed.  Therefore, Plaintiff's writ
6 application is DENIED.

7          Further, Plaintiff's alternative request for appearance via
8 video transmission is reconsidered in light transportation and security
9 costs which could involve a substantial amount of money. See Maurer v.
10 Pitchess, 530 F. Supp. 77, 81 (C.D. Cal. 1981) (discussing such costs
11 and concluding that the costs for prisoner's appearance arrangements
12 could be substantial). However, Plaintiff has failed to show that he has
13 made arrangements to provide testimony at trial by video transmission
14 with the Nevada state prison where he is currently incarcerated and with
15 this court's audio visual technician; nor has he shown that he has
16 addressed the concern Defendant expressed at a prior hearing regarding
17 Defendant's ability to provide Plaintiff with documents used during
18 Defendant's examination of Plaintiff. Therefore, this request is denied.

Dated:  December 7, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge